DICKENS *v.* TENNESSEE ELECTRIC POWER CO.

(*Nashville,* December Term, 1939.)

Opinion filed March 2, 1940.

J. B. Daniel and J. N. Daniel, both of Nashville, for plaintiff.

Aust, McGugin & Cochran, of Nashville, for defendant.

Mr. Chief Justice Green delivered the opinion of the Court.

From a judgment below dismissing his suit, the plaintiff has appealed directly to this court.

The declaration averred that he and his wife, while passengers on one of defendant's street cars, sustained injuries by reason of defendant's negligence. That they made a settlement with defendant of their claims for damages for personal injuries. That by the terms of this settlement defendant paid to plaintiff's wife the sum of $250 and he made an agreement with the defendant that he would be retained in their service as a carpenter (he being already employed by them in that capacity) for as much as three years at the same wages he was then drawing, averaging about $30 a week. That this settlement was made about July 23, 1938, and that defendant in disregard of its obligation discharged plaintiff from its service on December 2, 1938. Wherefore, plaintiff averred that he was damaged in the loss of $30 per week for 140 weeks, amounting to $4,200, and he brought his suit for $5,000.

By its third plea to the declaration the defendant sets out that the contract averred disclosed that it was not to be performed within the space of one year from the making thereof and that said contract nor any memorandum or note thereof was in writing, nor ever signed by defendant nor by any other person by it lawfully au-

thorized. Defendant thus specially pleaded section 5 of the Tennessee Statute of Frauds, Code, section 7831, subsection 5.

The plaintiff met the third plea with a motion to strike, which was overruled. Thereupon plaintiff filed a replication to the third plea and defendant met the replication with a motion to strike. · The court sustained defendant's motion to strike the replication. The plaintiff appealed from the action of the court below in overruling his motion to strike the defendant's third plea and from the action of the court below in sustaining defendant's motion to strike plaintiff's replication to the third plea.

The first proposition advanced by the plaintiff is that the contract between the plaintiff and defendant was one for personal services and might have been consummated or completed by the death of the plaintiff within one year, and that said contract for this reason was not within the Statute of Frauds.

 This contention must be rejected under the rule prevailing in Tennessee and generally prevailing in other jurisdictions. The promise of the defendant here was to do a thing for a particular time, to-wit, to keep plaintiff in its employ as a carpenter and to pay him his previous wages for three years. The death of plaintiff would have defeated or terminated the contract, but the contract would have been unexecuted, and could not have been completed until the expiration of the three-year period.

In *Deaton* v. *Tennessee Coal & R. Co.*, 59 Tenn. (12 Heisk.), 650, it was said: "In many cases, where the promise is to do a thing for or at the end of a period of time exceeding a year, the death of the party promising will render further performance of the promise impossible; but it is not for that reason taken out of the statute. In such case, the performance of the contract is

defeated, not completed, upon the occurrence of the contingency. Brown on Frauds, sec. 282. . . . It is not enough that the thing stipulated may be accomplished in a less time; but such an accomplishment must be an execution of the contract according to the understanding of the parties. Brown on Frauds, sec. 283.''.

In 25 Ruling Case Law, page 476, it is said: ''On the other hand it is generally held that where the contract is for a stated period longer than a year it is within the statute and this view is based on the theory that though the death of the person by whom the services are to be performed will excuse further performance, such excuse is not the equivalent of full performance and does not take the case out of the operation of the statute.'' Citing cases in support from many jurisdictions.

The case before us is not one in which the promise is to do a thing for the life of the promisee. In such case, the promisor not being in default, the contract would be completed, the obligation executed, upon the death of the promisee. Since the promisee's death might occur within one year, the execution of the contract according to the understanding of the parties might be accomplished within one year and the case would not be within the statute. *East Tennessee, V. & G. Railroad Company* v. *Staub,* 75 Tenn. (7 Lea), 397. We conclude, therefore, there was no error in the action of the circuit judge in overruling the plaintiff's motion to strike defendant's third plea.

In his replication to the third plea the plaintiff says that, following the injuries to his wife and himself, he had an action for his own injuries and also for loss of services, etc., of his wife, and that he joined in the settlement on the promise of three years' employment, and that this promise was the main consideration and induce-

ment leading plaintiff and his wife to make the settlement and without which neither he nor his wife would have made the settlement.

The argument based on these statements of the replication is that the defendant is estopped, under the circumstances detailed, from pleading or relying on the Statute of Frauds.

We see nothing to justify an estoppel against the plea of the Statute of Frauds. At the time of plaintiffs discharge, December 2, 1938, neither he nor his wife had given up any right nor changed position for the worse. The declaration avers that the injuries complained of were sustained April 7, 1938. More than four months remained after his discharge in which plaintiff might have sued for any damage suffered by him as a result of the accident. In which his wife might have sued upon return of the $250 paid her. If plaintiff and his wife have lost any of their right, or if their position has been changed for the worse, this result has been brought about by the one-year statute of limitations (Code, section 8595) for actions for injuries to the person—to the statute rather than to defendant's conduct.

Affirmed.